Daniel M. Baczynski, Bar No. 15530
BACZYNSKI LAW, PLLC
12339 S. 800 E., Ste 101
Draper, UT 84020
(708) 715-2234
dan@bskilaw.com
*Attorneys for Plaintiff*

---

## THIRD JUDICIAL DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| JAMES REIFENBERGER,<br><br>On behalf of Plaintiff and Class,<br><br>vs.<br><br>AUTOVEST, LLC,<br><br>Defendant. | **COMPLAINT**<br>**JURY TRIAL DEMANDED**<br><br>Case No:<br><br>Judge: |

Plaintiff James Reifenberger (Plaintiff or Reifenberger), by and through his attorneys of record, makes a demand for a jury trial and complains of Defendant, Autovest, LLC. (Autovest), as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over all civil matters occurring in the State of Utah pursuant to Utah Code § 78A-5-102(1).

2. Venue is proper pursuant to Utah Code § 78B-3-307 where the Defendant does not reside in the State.

3. Defendant is subject to personal jurisdiction within the State of Utah because Autovest engaged in debt collection activities within the State of Utah.

1

## PARTIES

4.  Plaintiff was at all times relevant a resident of the State of Utah.

5.  At all relevant times, Plaintiff was above the age of 18.

6.  Defendant Autovest is a Michigan Limited Liability Company located at PO Box 2247, Southfield MI, 48037.

7.  Defendant Autovest is "in the business of extending, purchasing, and collecting delinquent accounts".

8.  Defendant Autovest engages in debt collection throughout the State of Utah.

9.  Autovest's business is to acquire debts in default and then pursue collection of the debts, directly or indirectly, through instrumentalities of interstate commerce or the mails.  Any debt of Plaintiff that Autovest alleges it acquired was in default when Autovest acquired it.

10. Autovest is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a (6).

11. None of the exceptions to the term "debt collector" under the FDCPA apply to Autovest.

## GENERAL ALLEGATIONS

12. This case has to do with the prosecution of bogus debt collection actions by Defendant Autovest when it did not have the right to engage in the business of debt collection in the State of Utah. In furtherance of its debt collection business, Autovest improperly filed actions before courts in Utah to obtain judgments against the Plaintiff. Yet, under Utah law courts cannot assist those persons operating without a license to a recovery. In order to avoid this defense, Autovest misrepresented its licensure status to debtors. Through these misrepresentations, and by using the court system for its improper purposes, Autovest has violated the Utah Consumer Sales Practices Act (UCSPA), and has been

2

unjustly enriched and permitted to engage in the business of debt collection in Utah when it was not licensed to do so.

13. By filing lawsuits in the State of Utah without first acquiring the necessary license for debt collection, Autovest engaged in "action that cannot be legally taken", a deceptive or unconscionable act in violation of the UCSPA.

14. By misrepresenting its licensure and bonding status and filing lawsuits in the State of Utah without first acquiring the necessary license for debt collection, Autovest engaged in a deceptive and unconscionable practice in violation of the Utah Consumer Sales Practices Act (UCSPA).

15. The judgments improperly obtained by Autovest in Utah are void or unenforceable because Autovest lacked standing in Utah to collect those debts before it obtained the mandatory license required by Utah law.  Without the mandatory license it was not legally entitled to payment on the notes and had suffered no protectable injury which was required for it to obtain the jurisdiction of the state courts.  The failure to object to the lack of standing by the Plaintiff who either defaulted or consented to judgment does not impact this rule. Parties cannot confer subject matter jurisdiction by consent, waiver or estoppel.

16. In a related matter before the U.S. District Court of Maryland involving an unlicensed debt collector, *Hauk v. LVNV Funding, LLC*, 749 F. Supp. 2d 358, 369 (D. Md. 2010), the Honorable Catherine C. Blake found that the Plaintiff in that action, who are not Class members, were permitted to pursue claims against LVNV under federal and state law "when it filed complaints in Maryland state court against…the putative class members [when]…LVNV had failed to become licensed as a "collection agency" by the

3

Maryland Commissioner of Financial Regulation prior to filing the lawsuits, as required by Maryland law, Md. Code Ann., Bus. Reg. § 7–301."

17. Plaintiff alleges that part of the injuries sustained by him as a result of the state court judgments obtained by Autovest against him included the assessment of a purported debt sum, interest, and costs (including attorney fees) against them. The damage arose from the existence of the judgments reflecting a judgment that was void and/or the enforcement of the judgments by garnishment, or payments collected through threat based on the judgments, which caused, actually and proximately, the injury for which the Plaintiff seek redress.

<u>**FACTS**</u>

**The Proliferation of Debt Collection Irregularities**

18. This case arises from a systematic, intentional, and predatory debt collection business of Autovest against vulnerable Utah consumers without the mandatory license required by the State of Utah.

19. Autovest allegedly acquires consumer debts in default for pennies on the dollar and then engages in the business of debt collection including trying to collect the debt by filing lawsuits before Utah courts when it did not have the legal authority to engage in the business of debt collection in the State of Utah. Autovest operates without a license thus (i) skirting the requirements easily complied with by other similarly situated companies engaged in the business of debt collection in Utah, which provided Autovest an improper advantage over those who followed the law and (ii) avoiding the mandatory protections intended for Utah consumers by the legislature and regulatory authority.

20. The non-partisan Government Accounting Office (GAO) recently summarized public

enforcement of this kind of scheme as follows:

our analysis of information provided by the National Association of Attorneys General found at least 60 enforcement actions were taken by state attorneys general against debt collection companies from January 2006 through May 2009, of which 28 involved or may have involved the collection of credit card debt. These actions alleged a variety of illegal debt collection practices, such as deducting money from consumers' bank accounts without authorization, **operating in states without proper licenses**, and refusing or failing to provide consumers with proof of their debts. Generally, state attorneys general either negotiated a settlement with the debt collection company or brought a court action against the company. Settlements included penalties such as refunds to consumers, cancellation of consumers' debts, civil penalties, and injunctive relief aimed at preventing future collection violations.

GAO Report, Fair Debt Collection Practices Act Could Better Reflect the Evolving Debt Collection Marketplace and Use of Technology, September 2009 (available at http://www.gao.gov/new.items/d09748.pdf) at Pages 38-39 (emphasis added).

21. Autovest was a "collection agency, collection bureau, or collection office" as defined by Title 12 Collection Agencies. Autovest directly participated in collection efforts by filing lawsuits, providing documents relating to the lawsuits and otherwise acting through its authorized agents to collect consumer debts.

### Utah's Licensing Requirements for a Debt Collector License

22. Utah Code Ann. 12-1-1 provides:

*No person shall conduct* a collection agency, collection bureau, or collection office in this state, or engage in this state in the business of soliciting the right to collect or receive payment for another of any account, bill, or other indebtedness, or advertise for or solicit in print the right to collect or receive payment for another of any account, bill, or other indebtedness, *unless at the time of conducting the collection agency*, collection bureau, collection office, or collection business, or of advertising or soliciting, *that person or the person for whom he may be acting as agent, is registered with the Division of Corporations and Commercial Code and has on file a good and sufficient bond as hereinafter specified.*

(Emphasis added)

23. Utah Code Ann. §§ 12-1-1 and 12-1-2 "are designed to protect consumers and are important enough that violating them is a class A misdemeanor". *Garner v. Asset Mgmt. Assocs., Inc.*, No. 2:10-cv-00965 CW, 2011 U.S. Dist. LEXIS 145981, at *3 (D. Utah Dec. 20, 2011).

24. The term "collection office" encompasses "businesses that collect on debts for others or for themselves (or both)". *Lawrence v. First Financial Investment Fund V, LLC*. No. 2:19-CV-174-RJS-CMR, 2020 WL 1065860 (D. Utah Mar. 5, 2020) at 12.

25. However, Autovest does not have the mandatory license required by Utah law and yet continued its business of collecting debts acquired in default and filed collection lawsuits in Utah courts without standing to do so.

26. According to public records, Autovest engaged directly in collection activities in more than 100 occurrences, including the action against Plaintiff, in the State of Utah during the last four years by taking actions, in the form of collection lawsuits, to collect debts from Utah consumers.  In these lawsuits, Autovest actively and directly participates by acting as the named party in the litigation and providing purported affidavits and other papers in support of the complaint to the state courts.

### Facts Related to Plaintiff Reifenberger

27. Without the legal right or Collection Agency license to do so, on June 6th, 2018, Autovest continued its business of collecting debts when it filed a consumer debt collection action against Plaintiff styled as *Autovest LLC v. Reifenberger, James*, Case No. 189909172 ("Action").

28. At the time of filing of the Action, Autovest did not have a license as a Collection Agency as required under Utah law.

29. In its complaint, Autovest misrepresented that "[Autovest] has the same right to collect the account that was originally held by GFC Lending, LLC" and "[Autovest] is not required to register to do business with the State of Utah".

30. Autovest's counsel, Constantino Law Office, P.C., also sent Plaintiff a communication

threatening "a negative credit report reflecting on your credit record may be submitted to a credit reporting agency as a result of the above-described unpaid collection account".

31. However, Autovest could not submit a credit report reflecting on a Utah consumer's credit because under Utah Code 12-1-9, "Information about the credit rating or credit worthiness of a consumer supplied to a consumer reporting agency by a collection agency as defined under the Fair Debt Collection Practices Act, 15 U.S.C. Sec. 1692 et seq., that does not have a bond on file with the Division of Corporations and Commercial Code as required under this chapter, is void on its face".

32. In the Action the District Court of Utah did not determine if it in fact had jurisdiction over the parties or whether Autovest had any right to file the debt collection action.

33. Reifenberger relied on Autovest's allegations and actions as representations that Autovest was fully licensed and authorized to engage in debt collection within the State of Utah.

34. Reifenberger did not respond and Autovest moved for a default judgment.

35. Autovest obtained a default judgment for $20150.47 on June 29th, 2018.

36. Autovest moved for and was granted a writ of continuing garnishment against Reifenberger.

37. Autovest served the notice of garnishment on Reifenberger's employer Intercontinental Hotels Group Resources, Inc. on or about September 9th, 2018.

38. Autovest served the notice of garnishment on Reifenberger's employer One Eleven Transportation LCC on or about February 11th, 2019.

39. Autovest is attempting to garnish Reifenberger's wages in an attempt to satisfy the judgment.

40. Reifenberger has suffered emotional distress as a result of the litigation pursued by Defendant.

41. Defendant's litigation has caused Reifenberger anxiety and distress that has resulted in physical manifestations.

## FIRST CLAIM FOR RELIEF
*Violation of the Utah Consumer Sales Practice Act*
*Individual and Class Claim*

42. Plaintiff incorporate the foregoing allegations.

43. The Utah Consumer Sales Practices Act is to be construed liberally to protect consumers from suppliers who commit deceptive and unconscionable sales practices and to protect suppliers who in good faith comply with the provisions of this act. UTA § 13-11-2(2) and (6).

44. Utah's licensure statute (Title 12) is designed to police debt collectors and protect the public. The statute specifically precludes a person from operating a collection agency, bureau, or office without a license. Those that have been issued a license have their registration records open to inspection by the public.

45. Title 12 prohibits unlicensed debt collectors from taking assignments of debts, prohibits the assignment of time barred debts to all debt collectors, and requires debt collectors to pursue legal processes through hired counsel.

46. Under Title 12, an unlicensed debt collector is precluded from providing credit information to consumer reporting agencies, and all credit information provided by unlicensed debt collectors is considered void.

47. Title 12 further governs "collection fees" and precludes unlicensed debt collectors from requesting "collection fees".

8

48. Title 12 further requires the collection agency to post a bond which will be forfeited to persons injured.

49. Title 12 further voids any credit information furnished to a CRA by an unlicensed debt collector.

50. In Utah, "a court will [not] assist one who fails to secure a required license to recover money" where the licensure statute "expressly prohibits the business or declares void acts done or contracts made therein". *Mosley v. Johnson*, 22 Utah 2d 348, 351 - 353, 453 P.2d 149, 151 (Sup.Ct. 1969).

51. Autovest did not disclose that it did not have the requisite license when it filed suit against Utah consumers in an attempt to collect on purchased debts and actively misrepresented its ability to enforce its right to collect the debt.

52. Autovest's omissions and misrepresentations to consumers and the courts allowed Autovest to pursue debts in violation of Utah law.

53. Under Amin Code R152-11-5(B)(5), is a per se deceptive act for a supplier under the UCSPA to misrepresent its licensure and bonding status.

54. Autovest's conduct in filing a debt collection lawsuit, affirmative representations in its filings regarding Autovest's right to recovery, and material omissions regarding its unlicensed status, together constitute a misrepresentation of its licensure and bonding status.

55. By filing a debt collection lawsuit without a license, Autovest further engaged in illegal conduct in an attempt to collect a debt, both a deceptive and unconscionable practice.

56. Autovest also sent communications threatening "a negative credit report reflecting on your credit record may be submitted to a credit reporting agency as a result of the above-

described unpaid collection account" – a threat to take an action which cannot legally be taken.

57. Autovest also received an unfair advantage over local debt collectors who follow the law and go to the cost and expense of attaining compliance with Utah's laws.

58. Autovest purposefully engaged in these activities knowingly and intentionally to harm consumers and gain an advantage over its competitors.

59. Autovest is aware of Utah Code Ann 12-1-1 and simply refuses to register in the State of Utah.

60. Plaintiff seek a declaration on behalf of the Plaintiff class members, that since Autovest was acting unlawfully as an unlicensed collection agency, Autovest did not have legal standing to obtain any judgment in Utah Courts against Plaintiff's Class Members and those judgments should be declared (i) unenforceable and (ii) Autovest should not be entitled to collect any sums on those judgments or debts related to the Plaintiff Class members.

61. Autovest should be ordered to disgorge all sums collected from Plaintiff Class members while it acted illegally as a collection agency without a license.

62. Autovest should be enjoined from attempting to collect any judgment amounts entered improperly against the Plaintiff Class Members in its favor, while it acted illegally as a collection agency without a license.

63. Alternatively a declaration that Autovest is not entitled to the assistance of any Utah court to enforce the principal amount due under any judgment Autovest obtained improperly.

64. Plaintiff Class Members are also entitled to statutory damages of $2,000 under the Utah Consumer Sales Practice Act for the harm caused by Autovest's unlawful attempts to collect on a debt.

## SECOND CLAIM FOR RELIEF

### (Individual and Class Claim for Unjust Enrichment)

65. Named Plaintiff incorporate the foregoing allegations.

66. Defendant Autovest was not entitled to receive any benefit or payments from Named Plaintiff and Plaintiff Class Members because it obtained those judgments through deceptive and unconscionable means. Autovest also did not have the legal right or legal standing to initiate collection lawsuits.

67. Autovest has known or should have known that it was required to have a license to act as a collection agency in the State of Utah and it failed to obtain a license to act as collection agency before demanding payment and seeking judgment against the Named Plaintiff and Plaintiff Class Members.

68. Due to its knowledge, as described above, Autovest had an appreciation that it was not entitled to receive the benefits it was collecting from Plaintiff and Plaintiff's Class members.

69. The acceptance and retention by Autovest of any sums received from Plaintiff and Plaintiff's Class Members under such circumstances is inequitable since Autovest did not have the legal right to even collect such payments in the first instance in the manner it sought to collect them—this conclusion is just and proper even though Autovest might have otherwise collected the alleged debts legally by obtaining a license.

70. Autovest is not entitled to any equitable relief in the form of set off or recoupment since it comes before the Court with unclean hands having engaged in illegal activities in the State of Utah.

71. Alternatively any set off or recoupment is and should be limited to the amounts actually

paid by Autovest for any claims against the Plaintiff's Class Members since to allow more is not equitable since it would represent a windfall to Autovest.

### THIRD CLAIM FOR RELIEF

**(Individual and Class Claim for Declaratory Judgment and Injunctive Relief)**

72. Plaintiff incorporates the foregoing allegations.

73. Plaintiff seek a declaration on behalf of the Plaintiff Class Members that Autovest cannot operate in the State of Utah as a debt collector without first registering under Utah Code Ann 12-1-1.

74. Plaintiff further seek a declaration on behalf of the Plaintiff Class Members, that since Autovest was acting unlawfully as an unlicensed collection agency, Duke did not have legal standing to obtain any judgment in Utah Courts against Plaintiff's Class Members and those judgments should be declared (i) unenforceable and (ii) Duke should not be entitled to collect any sums on those judgments or debts related to the Plaintiff Class Members.

75. Duke should be ordered to disgorge all sums collected o from Plaintiff Class Members that Autovest obtained while it acted illegally as a collection agency without a license.

76. Autovest should be enjoined from attempting to collect any judgment amounts entered improperly against the Plaintiff Class Members in its favor, while it acted illegally as a collection agency without a license.

77.  Alternatively, a declaration that the Duke is not entitled to the assistance of any Utah court to enforce the principal amount due under any judgment Duke obtained improperly.

### CLASS ALLEGATIONS

78. Plaintiff bring these claims on behalf of three classes pursuant to Rule of Civil Procedure 23(a) and 23(b)(3).

79. The "Lawsuit Class" consists of (a) all individuals in Utah (b) against whom Autovest (c) filed a lawsuit seeking to collect a debt (d) which litigation was commenced between July 12, 2016 (the (4) year period immediately preceding the filing of this complaint) to the present.

80. The "Letter Class" consists of (a) all individuals in Utah (b) who received a letter from Autovest or its agent (c) containing language identical or substantially similar to "a negative credit report reflecting on your credit record may be submitted to a credit reporting agency as a result of the above-described unpaid collection account" (d) where the letter is dated between July 12, 2016 (the (4) year period immediately preceding the filing of this complaint) to the present.

81. The "Equitable Relief Class" consists of (a) all individuals in Utah (b) against whom Autovest sent letters or filed lawsuits (c) in an attempt to collect a debt (d) where the letter is dated or the lawsuit was filed between July 12, 2016 (the (4) year period immediately preceding the filing of this complaint) to the present; and (e) where Autovest either received money from the individual or obtained a judgment.

82. On information and belief, the classes are so numerous that joinder of all members in not practicable. The information relating to the precise number of persons who fall within the respective classes is within the control of Autovest.

83. There are questions of law and fact common to the members of each class, which common questions predominate over any questions relating to individual class members. The predominant common questions are (a) whether Defendant could lawfully pursue collection in Utah without the necessary collection license; (b) whether pursuing debt collection in an effort to collect a debt without the necessary collection license constitutes a violation of the

UCSPA; (c) whether filing debt collection lawsuits without a license constitutes a deceptive or unconscionable act; (d) whether threatening to file "a negative credit report reflecting on your credit record" without a license constitutes a deceptive or unconscionable act; and (e) whether such practices resulted in unjust enrichment to Defendant.

84. Plaintiff's claims are typical of the claims of the respective class members. All are based on the same factual and legal theories.

85. Plaintiff will fairly and adequately represent the members of each class and has retained counsel experienced in consumer class actions and UCSPA litigation.

86. A declaration of law and injunctive relief is appropriate for the members of the Utah Class.

87. A class action is superior for the fair and efficient adjudication of the claims of the three classes, in that:

    a.   Individual actions are not economically feasible;

    b.   Members of the class are likely to be unaware of their rights;

    c.   Utah's legislature intended class actions to be an enforcement mechanism under the UCSPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class members and against Defendant Autovest for:

(1) Certify the three enumerated Classes and appoint Plaintiff as the class representative and his counsel as class counsel;

(2) Award the Lawsuit and Letter Class statutory damages and actual damages consisting of any amount collected by the Autovest;

(3) Grant the three Classes damages, declaratory, and injunctive relief against Autovest to stop Autovest from harming consumers and providing them with an unfair advantage

over its competitors by engaging in collection efforts without a license; including a

preliminary and permanent injunction;

(4) Award Plaintiff his actual or statutory damages in an amount to be determined at trial;

(5) Attorney's fees, litigation expenses, and cost of suit under; and

(6) Such other and further relief as the Court deems proper.

DATED: July 12th, 2020.

BACZYNSKI LAW, PLLC

/s/      Daniel Baczynski
Attorneys for Plaintiff

15