IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **JAMES REIFENBERGER,**<br><br>Plaintiff,<br><br>vs.<br><br>**AUTOVEST LLC,**<br><br>Defendant, | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:20-CV-571-DAK-JCB<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Jared C. Bennett |

This matter is before the court on Plaintiff James Reifenberger's Motion to Remand for Lack of Diversity Jurisdiction [ECF No. 15], Defendant Autovest LLC's Motion to Compel Arbitration [ECF No. 16], Autovest's Motion to Strike Portions of Plaintiff's Opposition to Motion to Compel [ECF No. 25], and Plaintiff's Motion for Leave to File an Overlength Motion or, in the Alternative, Leave to File a Corrected Brief in Compliance with DUCivR 7-1 [ECF No. 29]. The court concludes that a hearing on the motions would not significantly aid the court in its determination of the motions. Accordingly, the court issues the following Memorandum Decision and Order based on the materials submitted by the parties, as well as the law and facts relevant to the motion.

## BACKGROUND

Plaintiff entered into a Retail Installment Contract and Security Agreement ("RICSA") to purchase and finance a vehicle with West Auto Sales. On that same date, Plaintiff signed an Arbitration Agreement that referenced and stated it was incorporated into the RICSA. The

Arbitration Agreement provides that it is applicable to any claim relating to the purchase and financing of the vehicle upon the election of either party.  Plaintiff defaulted on his payments for the vehicle.  The RICSA and Arbitration Agreement were assigned to GFC Lending LLC, who in turn assigned its rights to Autovest.  Autovest, through Utah counsel, filed a state court lawsuit to collect the amounts Plaintiff owed under the RICSA.  Plaintiff failed to appear in that action, and the state court entered judgment in Autovest's favor in the amount of $21,577.33.

After receiving the state court judgment, Autovest garnished Plaintiff's wages in the amount of $256.18.  Plaintiff then brought the present class action against Autovest, alleging that Autovest was required to obtain a license before filing the state court lawsuit or engaging in other efforts to collect the amount Plaintiff and others owed.

## MOTION TO STRIKE AND MOTION FOR OVERLENGTH BRIEF

Plaintiff's Memorandum in Opposition to Autovest's Motion to Compel Arbitration exceeded the ten-page limit under local rule DUCivR 7-1 because Plaintiff's counsel erroneously believed the twenty-five page limit for motions filed under Rule 12 and 56 applied.  Due to that mistaken belief, Plaintiff did not initially seek leave to file an overlength memorandum prior to filing his opposition.  Autovest, therefore, brought a Motion to Strike the excess portion of Plaintiff's opposition, and Plaintiff filed a motion requesting retroactive leave to file the overlength memorandum.

While Plaintiff should have requested leave to file an overlength memorandum before filing it, based on the admitted mistake, the court grants Plaintiff retroactive leave to file the overlength memorandum.  Accordingly, Autovest's Motion to Strike is denied and Plaintiff's Motion for Leave is granted.

## PLAINTIFF'S MOTION TO REMAND

On August 7, 2020, Autovest removed the present action from Utah state court to this court based on diversity jurisdiction. 28 U.S.C. § 1332 gives federal district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the parties are "citizens of different states. *Id.* § 1332(a)(1). Plaintiff concedes that diversity of citizenship exists but moves the court to remand the case to state court because he claims that the amount in controversy does not exceed $75,000.

Defendants who remove a case from state court bear the of demonstrating that all elements necessary for the exercise of diversity jurisdiction are present. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Because of a presumption against removal, "ambiguities should be resolved in favor of remand." *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The party asserting jurisdiction bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). The party meets this burden by alleging sufficient facts to convince the court that each party's recoverable damages bear a reasonable relation to the $75,000 jurisdictional floor. *Gibson v. Jeffers*, 478 F.2d 216, 221 (10th Cir. 1973). The ''requisite amount in controversy must be affirmatively established on the face of either the petition or the removal notice." *Martin*, 251 F.3d at 1289. The amount in controversy "is an estimate of the amount that will be put at issue in the course of the litigation." *McPhail*, 529 F.3d at 956. A "defendant must affirmatively establish jurisdiction by proving jurisdictional facts that [make] it possible that $75,000 [is] in play." *Id.* at 953.

3

"Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed [the jurisdictional amount] . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Hammond v. Stamps.com*, 844 F.3d 909, 914 (10th Cir. 2016). The "plaintiff must show that it does not appear to a legal certainty that they cannot recover the jurisdictional amount." *Woodmen of the World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003). "The legal certainty standard is very strict." *Id.*

In this case, Plaintiff's class action Complaint alleges state law claims against Autovest for operating as a collection agency without the required license under Utah Code Annotated Section 12-1-1 ("UCAA"). Plaintiff seeks damages against Autovest for unlawful collection practices under the Utah Consumer Sales Practices Act ("UCSPA") and unjust enrichment and requests declaratory and injunctive relief precluding Autovest from enforcing allegedly void judgments. Specifically, he seeks a declaration that Autovest be barred from collecting the amounts that he and class members owe, $2,000 in statutory or actual damages under the UCSPA, a declaration that Autovest cannot operate in Utah without first obtaining a license under the UCAA, an injunction requiring Autovest to disgorge all sums collected from him and other class members while it acted as a collection agency without a license, and attorney's fees.

Autovest's Notice of Removal alleges that the total relief Plaintiff claims puts more than $75,000 at issue even though Plaintiff's Complaint does not specifically state that much is requested. The Notice of Removal then outlines that $75,000 is at issue in this action because Plaintiff's Complaint seeks: 1) a declaration that the $20,150.47 judgment Autovest received against him is unenforceable and uncollectable; 2) a declaration that Autovest is not entitled to the assistance of any Utah court to enforce the principle amount due under any judgment Autovest obtained improperly; 3) $2,000 in statutory damages under the UCSPA; 4) a return of

4

all payments Plaintiff and others made in connection with judgments entered against them and in favor of Autovest when Autovest did not have a license; 5) a declaration that Autovest cannot operate as a debt collector in Utah without obtaining a license under the UCAA; 6) an order that Autovest disgorge all sums it collected while it allegedly acted as a collection agency without a license; and 7) an award of attorney's fees.

The Tenth Circuit has explained that the notice of removal sufficiently alleges jurisdiction if "a fact finder might legally conclude" that the threshold amount is satisfied. *Hammond*, 844 F.3d at 912. When injunctive relief is sought, "the impact on the defendant, including the cost of complying with an injunction, is a proper consideration in determining the amount in controversy." *Lowrimore v. Severn Trent Envtl. Servs.*, 2016 U.S. Dist. LEXIS 24242, at *13 (E.D. Okla. 2016). And, "when a statute permits recovery of attorney's fees, a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998). "The test to determine amount in controversy is not the sum ultimately found to be due, but the sum demanded in good faith." *Gibson v. Jeffers*, 478 F.2d 216, 220 (10th Cir. 1973).

Plaintiff asserts that Autovest cannot include the amounts of the debts Plaintiff seeks to have declared uncollectable or disgorged for purposes of the amount in controversy because Autovest only needs to obtain the proper license before collecting on those debts. Autovest alleges that those debts are well over a million dollars. But Plaintiff claims that the cost of compliance is only the costs associated with licensure and the refiling of the lawsuits, which Plaintiff calculates to be only $1,892.

Plaintiff's arguments, however, limit the alleged damages to only those associated with Plaintiff, not the entire class, and appears to recharacterize the claims in Plaintiff's Complaint. In the briefing of this motion, Plaintiff refers to his case as a very simple individual case whereas his Complaint clearly alleges a class action. Plaintiff's Complaint alleges that, according to public records, Autovest has improperly engaged in collection activities in more than 100 state lawsuits against Utah consumers and that these consumers would qualify as class members. Compl. [ECF No. 2-2] at ¶ 26. Plaintiff's Complaint then asks the court to declare all of those state court judgments unenforceable and require Autovest to disgorge any amounts collected on those judgments. *Id.* ¶¶ 60-61. These allegations plainly put the enforceability, and thus the amounts of the judgments, in controversy. Moreover, even if Autovest had only collected $250 on each of the 100 class members, as is the case with Plaintiff, the amount of requested disgorgement would be $25,000. The court does not have a clear picture of how much is at issue with the requested disgorgement, but the requested statutory damages for the class members are clear. Plaintiff's Complaint alleges that each class members is entitled to statutory damages of $2000. *Id.* ¶ 64. The statutory damages alone for 100 class members amount to $200,000, which is well above the $75,000 jurisdictional requirement. The court, therefore, need not even address the parties' dispute regarding the potential amount of attorney's fees in this case.

Defendants may remove a case to federal court, and the court must analyze that removal, based on the allegations of the Complaint. At the time of removal of this case, Plaintiff had put at issue well over $75,000. It is not a reasonable reading of Plaintiff's Complaint to contend that Plaintiff is only seeking statutory damages for himself and attorney's fees. He specifically requested statutory damages for all class members and identified 100 potential class members. Even if Plaintiff were to file a binding stipulation not to pursue the class claims he alleged in his

6

Complaint, he cannot retroactively destroy jurisdiction.  At the time of removal, Plaintiff's Complaint clearly put at issue the amount of Autovest's judgment against him, the amount Autovest's judgments against other consumers, the amount Autovest had already collected from Plaintiff and the other class members, statutory damages for Plaintiff and each class member, and attorney's fees.  For purposes of determining the amount in controversy at the time of removal, the court looks at the amount demanded, not the amount eventually pursued or awarded.  Moreover, at this early stage of the litigation, the court cannot weigh the merits of the action and speculate about Plaintiff's likelihood of obtaining a certain amount.  While Plaintiff appears to be narrowing the scope of his lawsuit in response to Autovest's removal, the court must base its determination with respect to the amount in controversy on the allegations of the Complaint at the time of the removal.

The court, therefore, concludes that Autovest has demonstrated by a preponderance of the evidence that the amount in controversy in this action exceeds the $75,000 jurisdictional requirement. Moreover, Plaintiff has not demonstrated by a legal certainty that his damages, if successful, would be less than $75,000.   Accordingly, the court concludes that it has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1).  The court, therefore, denies Plaintiff's motion to remand.

## MOTION TO COMPEL ARBITRATION

Autovest moves to compel arbitration based on an Arbitration Agreement Plaintiff signed at the same time Plaintiff entered into the RICSA to purchase and finance his vehicle.  Plaintiff opposes Autovest's Motion to Compel Arbitration, arguing that Autovest waived its right to arbitrate by filing the prior debt collection action in state court to collect on Plaintiff's

7

outstanding debt. Plaintiff also challenges whether Autovest was ever actually assigned rights to the Arbitration Agreement.

The court will address Plaintiff's second argument—whether Autovest has the right to compel arbitration under the Arbitration Agreement—first. Autovest has submitted evidence that it obtained all right, title, and interest in Reifenberger's account and that all rights under the RICSA were assigned to Autovest. The Arbitration Agreement is part of and incorporated into the RICSA. Moreover, the Arbitration agreement states that "any purchaser, assignee, or servicer" of the RICSA is covered under the Arbitration Agreement. Therefore, there is no basis for Plaintiff's argument that Autovest cannot enforce the terms of the Arbitration Agreement.

Next, therefore, is whether Autovest waived its right to seek arbitration in this case. There is a strong federal policy "favoring arbitration when the parties contract for that mode of dispute resolution." *Preston v. Ferrer*, 552 U.S. 346, 349 (2008). Under Section 2 of the Federal Arbitration Act ("FAA"), written arbitration agreements "involving commerce" are presumed "valid, irrevocable, and enforceable." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Courts must "rigorously . . . enforce arbitration agreements according to their terms, including terms that specify with whom the parties choose to arbitrate their disputes and the rules under which that arbitration will be conducted." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018).

The Supreme Court has held that "before referring a dispute to an arbitrator, the court determines whether a valid arbitration agreement exists." *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 139 S. Ct. 524, 530 (2019). "If a party challenges the validity of the precise agreement to arbitrate, the federal court must consider the challenge before ordering compliance with that agreement." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 71 (2010).

Here, Plaintiff entered into a broadly worded Arbitration Agreement that applied to any claim, dispute, or controversy arising from or related to the RICSA, the sale of the vehicle, the relationships resulting from the RICSA, and the collection of amounts owed.  Plaintiff does not dispute that he entered into the Arbitration Agreement and that the agreement is broad enough to encompass the present dispute.

Plaintiff, however, argues that Autovest waived its right to pursue arbitration of the present dispute because it elected to bring a state court action to collect Plaintiff's outstanding debt under the RICSA.  The parties dispute whether state or federal law applies to the waiver issue.  However, under either state or federal law, the plain language of the Arbitration Agreement would control.  Plaintiff relies on Utah law which states that "waiver of a contractual right occurs when a party to a contract intentionally acts in a manner inconsistent with its contractual rights, and, as a result, prejudice accrues to the opposing party or parties to the contract."  *Flake v.* Flake, 2003 UT 17, ¶ 31, 71 P.3d 589.

In this case, the parties' Arbitration Agreement specifically provides that "[e]ven if you and we elect to litigate a Claim in court, you or we may elect to arbitrate any other Claim, including a new Claim in that lawsuit or any other lawsuit.  Nothing in that litigation waives any rights in this Agreement."  Therefore, Autovest's motion to compel arbitration in this action, despite resorting to litigation in state court for the prior debt collection action, is not acting in a manner inconsistent with its contractual rights.  The claims at issue in this case were not at issue in the state debt collection action.  And, most importantly, Autovest's request to compel arbitration in this subsequent lawsuit is expressly allowed in the parties' agreement.

Plaintiff's reliance on *Nelson v. Liberty Acquisitions Servg. LLC*, 2016 UT App 92 ¶ 4, 374 P.3d 27, 28, is misplaced because it is factually distinguishable.  Nelson did not involve an

9

agreement with a specific waiver provision like the one in this case, and nothing in the *Nelson* decision would displace the specific terms of an arbitration agreement like the one the parties entered into in this case. In addition, factually, this case is more similar to the case *Nelson* distinguished, *Cox v. CA Holding Inc.*, No. 1:13-cv-1754-JMS-TAB, 2015 WL631393 (S.D. Ind. Feb. 13, 2015) (finding no waiver in subsequent action alleging that defendant was not properly licensed to collect debt in underlying action). Unlike Nelson, the Arbitration Agreement in this case permitted either party to file suit without waiving their arbitration rights on separate claims. Autovest's collection claims in state court were separate and distinct from the claims Plaintiff raises in this case. Therefore, there is no basis for finding that Autovest waived its right to seek arbitration on Plaintiff's claims. Accordingly, the court grants Autovest's Motion to Compel Arbitration.

The FAA provides that if any lawsuit brought in the courts is referable to arbitration under an arbitration agreement, the court shall stay the trial of the action until such arbitration has occurred. 9 U.S.C. § 3.[1] Because the court concludes that it is appropriate to grant Autovest's request for an order compelling arbitration, the court stays this action pending arbitration. This action will be administratively closed pending the stay and may be reopened after arbitration, if necessary.

## CONCLUSION

Based on the above reasoning, Plaintiff James Reifenberger's Motion to Remand for Lack of Diversity Jurisdiction [ECF No. 15] is DENIED, Defendant Autovest LLC's Motion to Compel Arbitration [ECF No. 16] is GRANTED, Autovest's Motion to Strike Portions of

---

[1] A majority of federal courts has held that where all issues between the parties are subject to and will be resolved by arbitration, a stay serves no obvious purpose and dismissal is appropriate. *Alarape v. Group 1 Auto., Inc.*, 2006 WL 2990212, at *3 n.2 (D. Colo. Oct. 19, 2006) (collecting cases). However, the Tenth Circuit has not addressed the issue directly.

Plaintiff's Opposition to Motion to Compel [ECF No. 25] is DENIED, and Plaintiff's Motion for Leave to File an Overlength Motion or, in the Alternative, Leave to File a Corrected Brief in Compliance with DUCivR 7-1 [ECF No. 29] is GRANTED.  This action is stayed and administratively closed pending arbitration.

      DATED this 21st day of January, 2020.

                                                    BY THE COURT:

                                                    Dale A. Kimball,
                                                    United States District Judge