IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **JAMES REIFENBERGER,**<br><br>Plaintiff,<br><br>vs.<br><br>**AUTOVEST LLC,**<br><br>Defendant, | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:20-CV-571-DAK-JCB<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Jared C. Bennett |

This matter is before the court on Plaintiff James Reifenberger's Motion to Reconsider the Court's Denial of Plaintiff's Motion to Remand [ECF No. 40]. The court concludes that a hearing on the motions would not significantly aid the court in its determination of the motions. Accordingly, the court issues the following Memorandum Decision and Order based on the materials submitted by the parties, as well as the law and facts relevant to the motion.

The court agrees with Plaintiff that Federal Rule of Civil Procedure 60(b)(1) allows the court to revisit its prior order aggregating class damages for purposes of determining the amount in controversy. The parties did not previously brief the issue, and the court mistakenly aggregated the individual damages of putative class members. But the aggregated class damages were not the only basis upon which the court found an adequate amount in controversy for the case to remain in federal court.

Plaintiff also asserts that the court applied the wrong standard. But the applicable standard is clear, and the court applied that standard. The party asserting jurisdiction bears the

burden of proving subject matter jurisdiction by a preponderance of the evidence. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). The party meets this burden by alleging sufficient facts to convince the court that each party's recoverable damages bear a reasonable relation to the $75,000 jurisdictional floor. *Gibson v. Jeffers*, 478 F.2d 216, 221 (10th Cir. 1973). The ''requisite amount in controversy must be affirmatively established on the face of either the petition or the removal notice." *Martin*, 251 F.3d at 1289. The amount in controversy "is an estimate of the amount that will be put at issue in the course of the litigation." *McPhail*, 529 F.3d at 956. A "defendant must affirmatively establish jurisdiction by proving jurisdictional facts that [make] it possible that $75,000 [is] in play." *Id.* at 953.

"Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed [the jurisdictional amount] . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Hammond v. Stamps.com*, 844 F.3d 909, 914 (10th Cir. 2016). The "plaintiff must show that it does not appear to a legal certainty that they cannot recover the jurisdictional amount." *Woodmen of the World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003). "The legal certainty standard is very strict." *Id.*

In this case, Plaintiff alleges state law claims against Autovest for operating as a collection agency without the required license. Plaintiff seeks damages against Autovest for unlawful collection practices under the Utah Consumer Sales Practices Act ("UCSPA") and unjust enrichment and requests declaratory and injunctive relief precluding Autovest from enforcing allegedly void judgments that were obtained when Autovest was not properly licensed.

The Notice of Removal outlined that $75,000 was at issue in this action because Plaintiff's Complaint seeks: 1) a declaration that the $20,150.47 judgment Autovest received

against him is unenforceable and uncollectable; 2) a declaration that Autovest is not entitled to the assistance of any Utah court to enforce the principle amount due under any judgment Autovest obtained improperly; 3) $2,000 in statutory damages under the UCSPA; 4) a return of all payments Plaintiff and others made in connection with judgments entered against them and in favor of Autovest when Autovest did not have a license; 5) a declaration that Autovest cannot operate as a debt collector in Utah without obtaining a license under the UCAA; 6) an order that Autovest disgorge all sums it collected while it allegedly acted as a collection agency without a license; and 7) an award of attorney's fees.

Despite his claims that Autovest would somehow be able to collect the amount Plaintiff owes, his Complaint specifically asks the court to order Autovest to disgorge any sums already collected from him and to enjoin Autovest from attempting to collect any judgment it obtained against him when it was acting without a license. These allegations clearly put the entire $20,150.47 judgment at issue regardless of whether Autovest obtains a license at a later date. Plaintiff also specifically seeks $2,000 in statutory damages, and attorney's fees. Autovest submitted evidence that a conservative estimate of attorney's fees that Plaintiff could incur to litigate the claims through trial would be $65,175. Plaintiff did not submit any evidence in response to this estimate. But Plaintiff responded that attorney's fees would only exceed $70,000 if Autovest's counsel engaged in bad faith or vexatious litigation. this uncertain response does not rebut Autovest's calculation. Therefore, even if the court did not consider the class claims, Autovest met its initial burden of showing that it is more likely than not that more than $75,000 is at issue.

The Tenth Circuit has explained that the notice of removal sufficiently alleges jurisdiction if "a fact finder might legally conclude" that the threshold amount is satisfied.

3

*Hammond*, 844 F.3d at 912. "The test to determine amount in controversy is not the sum ultimately found to be due, but the sum demanded in good faith." *Gibson v. Jeffers*, 478 F.2d 216, 220 (10th Cir. 1973). Plaintiff cannot recharacterize the amounts he demanded in his Complaint merely to defeat the court's jurisdiction.

Once a defendant "has explained plausibly how the stakes exceed" the jurisdictional amount, "the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." Hammond, 844 F.3d at 914. "The legal certainty standard is very strict." *Woodmen of the World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003). Plaintiff has not met this legal certainty. Attorney's fees in this action would only need to reach $53,000 to meet the jurisdictional amount, and Plaintiff has not rebutted Autovest's calculation that attorney's fees could reach $65,000. Plaintiff argues that the court should consider the fact that a motion to compel arbitration was filed, but the court must base its determination on the allegations of the complaint at the time of removal, not the eventual results of the case.

Based on the above reasoning, the court agrees with Plaintiff that it does have a basis for reconsidering and revising its prior order. However, the court reaches the same conclusion that there was an adequate amount in controversy at the time of removal to support Autovest's removal of this action to federal court. Therefore, the court does not alter its conclusion that Plaintiff's Motion to Remand should have been and properly was denied. Accordingly, Plaintiff's Motion to Reconsider the Court's Denial of Plaintiff's Motion to Remand [ECF No. 40] is GRANTED IN PART AND DENIED IN PART, as explained above.

DATED this 8th day of April, 2021.

BY THE COURT:

_____
Dale A. Kimball,
United States District Judge